889 F.2d 1084
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fatimah A. SHAALAN, Ali A. Shaalan, Suhad A. Shaalan, Jihad
A. Shaalan, Plaintiffs-Appellants,
v.
FAMILY AND CHILDREN SERVICES, Mrs. Woods, Mrs. Bailey,
Defendants-Appellees.
Fatimah A. SHAALAN, Ali A. Shaalan, Suhad A. Shaalan, Jihad
A. Shaalan, Plaintiffs-Appellants,
v.
FAMILY AND CHILDREN SERVICES, Mrs. Woods, Mrs. Bailey,
Defendants-Appellees.
Fatimah A. SHAALAN, Ali A. Shaalan, Suhad A. Shaalan, Jihad
A. Shaalan, Plaintiffs-Appellants,
v.
FAMILY AND CHILDREN SERVICES, Mrs. Woods, Mrs. Bailey,
Defendants-Appellees.
 Nos. 89-2676, 89-2677 and 89-2697.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1989.
Decided Oct. 27, 1989.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge (C/A Nos. 88-1546-JFM; 89-129-JFM).
 Fatimah A. Shaalan, Ali A. Shaalan, Suhad A. Shaalan, Jihad A. Shaalan, Appellants pro se.
 Steven David Keller, Office of the Attorney General of Maryland, for appellees.
 Before K.K. HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fatimah A. Shaalan and several members of her family appeal from the district court's order dismissing their case, brought in part pursuant to 42 U.S.C. Sec. 1983, with prejudice.[1] The Shaalans sought an award of benefits under Maryland's Aid to Families with Dependent Children (AFDC) program which they alleged were illegally and unconstitutionally denied them by the appellees. Rather than deciding the action on its merits, the district court should have dismissed it without prejudice because the Shaalans' action was not yet ripe for review.
 
 
 2
 According to the record, the last administrative action in the matter was a Fair Hearing Decision by the Department of Human Resources (DHR). In that decision the DHR directed the local department to reconsider the Shaalans' application for benefits and to address the issues of whether under 42 U.S.C. Sec. 615 and AFDC guidelines the Shaalans had a financial sponsor or were refugees.[2] If the local department determines the Shaalans were eligible for benefits upon reconsideration, payments are to be retroactive to the date of their initial application.
 
 
 3
 Although exhaustion of administrative remedies is not a prerequisite to filing an action under 42 U.S.C. Sec. 1983, Patsy v. Board of Regents, 457 U.S. 496 (1982), where agency action constituting the basis for the complaint is not yet final, such exhaustion may be necessary before an action is ripe for review. 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3532.6 (1984). It is a "long settled rule" of judicial administration that no one is entitled to judicial relief for supposed or threatened injury until the prescribed administrative remedy has been exhausted. American Fed. of Govt. Employees, AFL-CIO v. Nimmo, 711 F.2d 28, 31 (4th Cir.1983) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)).[3] Here, it remains possible that the Shaalans will receive benefits retroactive to the date of their application, obviating the need for this action. However, the district court's dismissal with prejudice could prevent the administrative agency from applying its own expertise when reconsidering the Shaalans' applications.
 
 
 4
 Because we find the Shaalans' claims not yet ripe for review, we modify the district court's order to be without prejudice and affirm the dismissal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 No. 89-2676 DISMISSED.
 
 
 6
 Nos. 89-2677 and 2697 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 This appeal is timely only as to the district court's final order in district court case number JFM 89-129; therefore district court case number JFM 88-1546 is not before this Court for review
 
 
 [2]
 These are the same issues the Shaalans presented to the district court and now raise on appeal
 
 
 [3]
 See also 13A C. Wright, A. Miller & E. Cooper, supra, at 199 (courts should not intrude while agency proceedings continue)